UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

─────────────────────────────────

LUIS A. CANALES,

                              Plaintiff,

                                                    **REPORT AND**
                                                    **RECOMMENDATION**
          v.
                                                         **AND**

M. SHEAHAN et al.,                         **DECISION AND ORDER**
                                                    12-CV-693A
                              Defendants.

─────────────────────────────────

## I.    INTRODUCTION

        The Hon. Richard J. Arcara referred this case to this Court under 28

U.S.C. § 636(b).  (Dkt. No. 29.)  Pending before the Court is a motion (Dkt. No.

24) by defendants to dismiss plaintiff's amended complaint under Rule 12(b)(1)

of the Federal Rules of Civil Procedure ("FRCP").  In his amended complaint

(Dkt. No. 6), plaintiff listed explicitly that every defendant was sued in an official

capacity.  (*Id.* at 4–5.)  The designation of official capacity would have implicated

Eleventh Amendment immunity and would have barred suit.  Judge Michael

Telesca, acting as a duty judge for purposes of *pro se* screening orders, decided

to "interpret plaintiff's claims to have been made in the individual capacity of

each defendant.  *Pro se* petitions should be characterized according to the relief

sought, and not to the label given to them by *pro se* prisoners unlearned in the

law."  (Dkt. No. 10 at 3.)

Through the pending motion, defendants now challenge the prior ruling that the amended complaint would be assessed as if plaintiff sued every defendant in an individual capacity.  Defendants argue that plaintiff made an unambiguous designation, that the issue of individual versus official capacity implicates subject-matter jurisdiction, and that the Court cannot confer subject-matter jurisdiction *sua sponte*.  Plaintiff urges the Court to stand by the prior ruling.  In the alternative, however, plaintiff attaches a proposed second amended complaint to his response papers and includes a cross-motion for leave to file it.

The Court has deemed defendants' motion and plaintiff's cross-motion submitted on papers under Rule 78(b) of the FRCP.  For the reasons below, the Court grants plaintiff's non-dispositive motion.  The Court also recommends denying defendants' dispositive motion.

## II.    BACKGROUND

This case concerns numerous allegations against numerous state prison employees, allegations that fall into three broad categories.  In one category of allegations, plaintiff claims that he filed grievances in 2011, and 2013, to complain about racially motivated harassment and theft of property.  Defendants retaliated against plaintiff for filing the grievances; the most severe retaliation allegedly consisted of physical assaults, sodomy, and shackling against plaintiff on August 8, 2011 and July 7, 2013.  The retaliation included false charges to

2

set up loss of privileges and months of confinement in the Special Housing Unit

("SHU").  A second category of allegations concerns denial of medical treatment

and of reasonable accommodations for plaintiff's disability.  The denial of

medical treatment includes a refusal to treat plaintiff after he was assaulted.

Plaintiff asserts other refusals of medical treatment for carpal tunnel syndrome,

refusals that he believes were racially motivated.  Plaintiff's complaints of carpal

tunnel syndrome and related nerve damage in his left wrist formed the basis of

his disability claim.  A third category of allegations concerns unjustified denial of

library and mail services in retaliation for continued grievances.  According to

plaintiff, library staff refused to provide him books, citations, and other materials

over a period of several years.  The refusals caused him to miss a supplemental

filing deadline for a state court appeal in October 2011; the state court affirmed a

judgment of conviction on October 25, 2011.[1]  Plaintiff also insists that

defendants have denied him access to legal mail services and caused some of

his mailings to be returned for insufficient postage.

   To date, plaintiff has submitted two complaints that the Court has

subjected to two screening orders.  Plaintiff filed his original complaint on July

23, 2012.  (Dkt. No. 1.)  Judge John Curtin issued an initial screening order on

---

[1] The Court takes judicial notice that, based on the specific date that plaintiff has provided, the appellate decision in question appears to be *People v. Canales*, 931 N.Y.S.2d 407 (App. Div. 2011).

October 2, 2013 (Dkt. No. 4); *inter alia*, the order required plaintiff to file an amended complaint to avoid dismissal on the grounds of frivolousness and incomprehensible writing.  Plaintiff filed his amended complaint on December 18, 2013.  Judge Telesca's screening order, mentioned above in the Introduction, followed on February 20, 2015.  For purposes of today's writing, the most pertinent part of that screening order is the part that the Court has mentioned already: the decision to construe the substance of plaintiff's allegations as referring to defendants' individual capacities, despite the explicit references in the amended complaint to defendants' official capacities.

Defendants filed their pending motion on July 6, 2015.  In support of their motion, defendants note that Judge Telesca already acknowledged a lack of subject-matter jurisdiction in the absence of the interpretation that he gave to the amended complaint.  Defendants distinguish plaintiff's situation from situations in which *pro se* plaintiffs make allegations against state officials but remain silent as to whether those officials acted in an individual or official capacity.  Given plaintiff's explicit designation of official capacities, defendants assert that sovereign immunity applies and that the Court cannot override a clear lack of jurisdiction.  To the extent that plaintiff makes claims about his disabilities under the Americans with Disabilities Act or the Rehabilitation Act, defendants argue that those claims are so incidental to the overall thrust of plaintiff's

4

allegations—violations of civil rights by way of 42 U.S.C. § 1983—that they do not suffice to confer jurisdiction.

As mentioned above, plaintiff counters defendants' motion in two ways.  In admittedly conclusory fashion, plaintiff asserts that Judge Telesca's screening order was correct and should not be disturbed.  In the alternative, however, plaintiff includes a cross-motion in his papers for leave to amend.  Plaintiff attaches a proposed second amended complaint to his papers.  Plaintiff adds two new names to the bottom of the caption of the proposed second amended complaint—"A. Bartlett" and "S. Vonhagn," two names that appear only in the tenth claim concerning denial of certain law library services.  The second amended complaint also incorporates changes required by the previous two screening orders.  Critically, and without an explicit requirement from the Court, the proposed second amended complaint changes the designation of all defendants to say that all defendants acted in their individual capacities.  The proposed second amended complaint is otherwise similar to the amended complaint in all material respects.

## III.    DISCUSSION

### A.    *Leave to Amend as a Matter of Course (Non-dispositive)*

Before addressing the more substantive motion that defendants filed, the Court will address plaintiff's cross-motion to file a second amended complaint. In reviewing the docket for this case, the Court has noticed that the pending

cross-motion represents plaintiff's first voluntary request to file an amended complaint.  Plaintiff filed the first amended complaint under threat of dismissal by the first screening order.  With the cross-motion being plaintiff's first request, the question arises as to whether plaintiff qualifies for the right to amend under Rule 15(a)(1)(B).  Under that rule, "[a] party may amend its pleading once as a matter of course within . . . if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."  FRCP 15(a)(1)(B).  In the Court's experience, the typical scenario prompting the use of the rule involves represented parties, an initial complaint, and an immediate motion to dismiss.  Nothing in the plain text of the rule, however, pushes against the view that the right to amend once as a matter of course theoretically can be used anytime in a case, as long as circumstances satisfy the prerequisites of Rule 15(a)(1)(B).  Some authority has addressed the ability to amend as of course later in a case, under the right circumstances.  *See Thompson v. Jiffy Lube Int'l, Inc.*, 505 F. Supp. 2d 907, 913 (D. Kan. 2007) ("Plaintiffs have already amended their complaint once; however, they requested and received leave of the Court. Are Plaintiffs still entitled to amend as a matter of course?  The authority on this issue is divided; however, the plain language of the Rule persuades the Court that Plaintiffs are still entitled to amend their pleading under Rule 15.  Plaintiffs have not yet amended as a matter of course and no responsive pleading has

6

been filed.") (citations omitted); *Bishop v. Minnesota Dep't of Human Servs.*, No. CIV. 14-1898 ADM/SER, 2015 WL 4920262, at *4 (D. Minn. Aug. 12, 2015) ("In his Motion to Dismiss or Amend, Bishop articulates his desire to amend his First Amended Complaint, stating that he 'chooses to either amend his complaint or be allowed to re-file his complaint as a new action,' and Bishop does not expressly 'invoke the . . . [Court's] discretionary authority' under Rule 15(a)(2). Under these circumstances, the Court construes the Motion to Dismiss or Amend as a request by Bishop to amend his complaint 'once as a matter of course' under Rule 15(a)(1)(B).  At the time Bishop filed his Motion to Dismiss or Amend, Defendants had not filed a responsive pleading, and Bishop filed his Motion to Dismiss or Amend seven days after Defendants filed and served the Motion to Dismiss.  Because Bishop requested to amend his complaint well within 21 days after service of a motion under Rule 12(b), the Court recommends that the Motion to Dismiss or Amend be granted to the extent Bishop seeks to amend his First Amended Complaint.") (citing *Pure Country, Inc. v. Sigma Chi Fraternity*, 312 F.3d 952, 956 (8th Cir. 2002); other citations omitted); *see also Roberts v. Long*, No. 14-CV-0427-WQH DHB, 2014 WL 4829118, at *3 (S.D. Cal. Sept. 29, 2014) (requiring, and ultimately granting, leave to amend because a motion to dismiss under habeas rules falls outside of Rule 12); *Cornelio v. Hirano*, No. CIV. 12-00072 LEK, 2013 WL 3936201, at *4 (D. Haw. July 29, 2013) (implying that a *pro se* prisoner needed leave of court to

7

file a fifth amended complaint only because he submitted it more than 21 days after the filing of a motion to dismiss).  This authority coincides with the principle that Rule 15 confers "an absolute right to amend" when a plaintiff submits a timely amendment and no responsive pleading has been served.  *See Peckham v. Scanlon*, 241 F.2d 761, 764 (7th Cir. 1957) (citations omitted).

Here, plaintiff never exhausted his right to amend his complaint once as a matter of course.  Plaintiff's original complaint led to a screening order that effectively ordered him to file an amended complaint; the screening order technically granted leave to amend but did so with heavy criticism of the original complaint and under threat of dismissal if no amendment followed.  Either way, plaintiff did not invoke his right to amend as a matter of course when filing the amended complaint.  Defendants never answered the amended complaint, choosing instead to file the pending motion to dismiss.  The filing of the motion on July 6, 2015 started the 21-day clock under Rule 15(a)(1)(B).  Plaintiff had until July 27, 2015 to amend as a matter of course, or to respond to the motion. Instead, plaintiff sent two letters in early August 2015 (Dkt. Nos. 25, 26) requesting extensions.  In the letters, plaintiff stated that he wanted to be "able to respond to defendant's Motion within reasonable time [sic]" (Dkt. No. 25 at 1), but he gave no details about how he would respond.  This lack of detail is important because, as the docket now shows, the proposed second amended complaint turned out to be what plaintiff had in mind as a response.  Additionally,

8

plaintiff invoked Rule 6(b), which generically allows the Court to extend

deadlines "[w]hen *an* act may or must be done within a specified time."  FRCP

6(b) (emphasis added).  The deadline was extended to September 5, 2015.

Given that plaintiff, as a *pro se* litigant, would not have been sophisticated

enough to know how many deadlines needed extension, and given that

defendants did not oppose the request for an extension, prudence warrants a

finding that the extension preserved plaintiff's right to amend as a matter of

course.  *Cf. Warden v. Russell*, No. CV150361TUCJASJR, 2015 WL 9871633,

at *2 (D. Ariz. Oct. 13, 2015) ("As the Defendants recognize, Plaintiff did not file

his Motion to Amend until after the time period prescribed in Rule 15(a)(1)(B)

had expired, but did file it within the extended time period stipulated to by the

parties for the filing of the response to their motions to dismiss.  In light of the

timing of the filing of Plaintiffs Motion to Amend, and in recognition of the

extreme liberality for allowing leave to amend under Fed. R. Civ. P. 15(a)(2), the

Defendants do not oppose the Motion to Amend.") (internal quotation marks and

citations omitted), *report and recommendation adopted*, 2016 WL 233169 (D.

Ariz. Jan. 20, 2016).  Plaintiff's response—with its proposed second amended

complaint—was not filed until September 15, 2015 but was dated September 4,

2015.  If the Court accepts the 10-day difference as a side effect of the prison

legal mail system then plaintiff's proposed second amended complaint was

timely.  The Court thus finds that plaintiff may file his proposed second amended complaint as a matter of course.

**B.    *Leave to Amend (Non-dispositive)***

The Court will be brief with an alternative reason to allow plaintiff to file the proposed second amended complaint.  Even if plaintiff could not file as a matter of course, "[t]he court should freely give leave when justice so requires."  FRCP 15(a)(2).  "Reasons for a proper denial of leave to amend include undue delay, bad faith, futility of the amendment, and perhaps most important, the resulting prejudice to the opposing party.  Mere delay, however, absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend."  *State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981) (citations omitted).  "Amendment may be prejudicial when, among other things, it would require the opponent to expend significant additional resources to conduct discovery and prepare for trial or significantly delay the resolution of the dispute."  *AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.*, 626 F.3d 699, 725-26 (2d Cir. 2010) (internal quotation marks and citation omitted).

Here, circumstances would warrant granting plaintiff leave to amend.  The proposed second amended complaint is substantially similar to the prior complaints; the only notable changes are the addition of two defendants and the labeling of all defendants as having acted in an individual capacity.  The

10

identification of individual capacity comports with what Judge Telesca already had identified in the second screening order and creates no surprise. Additionally, while the case has been around for a few years chronologically, it remains procedurally in its infancy since a scheduling order never issued and discovery never began. *Cf., e.g., Hillair Capital Invs., L.P. v. Integrated Freight Corp.*, 963 F. Supp. 2d 336, 339 (S.D.N.Y. 2013) ("Here, at this early stage of the case, there is no concern about delay, bad faith, or prejudice. The critical issue is whether the [amendment] would be futile."); *Peters v. City of Buffalo*, 848 F. Supp. 2d 378, 382 (W.D.N.Y. 2012) (Skretny, *C.J.*) ("Defendants have provided no grounds on which they would be prejudiced. Further, this Court finds that at this early stage of the litigation there is no undue prejudice to defendants that would preclude amendment of the complaint."). As a result, plaintiff would qualify for leave to amend even if he could not amend as a matter of course.

### C.   *Motion to Dismiss (Dispositive)*

Since the Court will grant plaintiff's cross-motion to file the proposed second amended complaint, it recommends denying defendants' motion to dismiss as moot. The motion to dismiss contained no arguments apart from the argument about subject-matter jurisdiction that the second amended complaint will obviate.

## IV.    CONCLUSION

For all the foregoing reasons, the Court grants plaintiff's non-dispositive cross-motion to amend.  (Dkt. No. 28.)  The Court respectfully recommends denying defendants' dispositive motion to dismiss (Dkt. No. 24) as moot.

Plaintiff will file his second amended complaint on or before April 20, 2016.

## V.    OBJECTIONS

A copy of this writing will be sent to counsel for defendants by electronic filing on the date below.  The Court will mail a copy of this writing to plaintiff by first-class mail at the address that he currently has on record: Luis A. Canales, 10A0768, GREEN HAVEN CORRECTIONAL FACILITY, Box 4000, Stormville, NY 12582-0010.  With respect to defendants' motion to dismiss, any objections to the recommendations herein must be electronically filed with the Clerk of the Court within 14 days.  *See* 28 U.S.C. § 636(b)(1); FRCP 72.  "As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point."  *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (citations omitted).

SO ORDERED.

_/s Hugh B. Scott_

HONORABLE HUGH B. SCOTT
UNITED STATES MAGISTRATE JUDGE

DATED: February 9, 2016

12