UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LUIS A. CANALES, #10-A-0768,

                Plaintiff,                      12-CV-693(LJV)(HBS)
                                                        ORDER

   v.

M. SHEANAN, et al.,

                Defendants.
_____

After considerable motion practice, on March 7, 2016, this case was reassigned from the Hon. Richard J. Arcara to the undersigned. Docket Item 35. On March 25, 2016, I adopted the Report and Recommendation of Magistrate Judge Hugh B. Scott, Docket Item 32, which had been issued before the reassignment of this case. Docket Item 41. At the same time, I referred the case back to Judge Scott for all matters pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). *Id.*

Several defendants then moved to dismiss for failure to state a claim or for a more definite statement. Docket Item 42. Defendant VonHagn later moved to dismiss for failure to state a claim, Docket Item 44, and Defendant Bartlett did the same, Docket Item 48. After Judge Scott granted the plaintiff five extensions of time to file his response, on December 27, 2016, the plaintiff responded and cross-moved to amend his complaint. Docket Items 60 and 61. On January 27, 2017, the defendants replied, Docket Item 62, and on March 28, 2017, Judge Scott issued a Report and Recommendation and Decision and Order (R&R/D&O) resolving or recommending the resolution of all pending motions. Docket Items 63 and 64.

In sum, Judge Scott granted the plaintiff's motion to file a third amended complaint insofar as that complaint alleged (1) excessive force and retaliation claims against defendants Lamb, Myers, and Shumaker; (2) a deliberate indifference to medical needs claim against defendant Gorg; (3) a due process claim against defendant Rafferty based on the alleged exclusion of evidence at a Superintendent Hearing; and (4) a conditions-of-confinement claim against defendant Sheahan based on the imposition of a restricted diet (collectively, "Claims 1-4"). He otherwise denied the plaintiff's motion to amend as futile. Judge Scott recommended that all other claims, and all claims against any defendants not named above, be dismissed. He also recommended that the defendants' motions to dismiss, Docket Items 42, 44, and 48, be denied in their entirety. *See* Docket Item 63.

The parties did not object to the Report and Recommendation, and the time to do so now has expired. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

A district court may accept, reject, or modify, in whole or in part, the findings or recommendation of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A district court must conduct a de novo review of those portions of a magistrate judge's recommendation to which objection is made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). But neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72 requires a district court to review the recommendation of a magistrate judge to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985).

Although not required to do so in light of the above, this Court nevertheless has carefully reviewed Judge Scott's R&R/D&O, in which he systematically and meticulously evaluated each of the plaintiff's claims against each defendant. Based on that review

and the absence of any objections, the Court accepts and adopts Judge Scott's careful and thoughtful recommendations in their entirety.

For the reasons stated above and in the R&R/D&O, the defendants' motions to dismiss, Docket Items 42, 44, and 48, are DENIED; all defendants and all claims other than those in Claims 1-4 above are dismissed; and this case is referred back to Judge Scott consistent with the referral orders of March 25, 2016, Docket Item 41, and September 22, 2015, Docket Item 29.

SO ORDERED.

Dated: February 7, 2018
       Buffalo, New York

                                      _s/Lawrence J. Vilardo_
                                      LAWRENCE J. VILARDO
                                      UNITED STATES DISTRICT JUDGE