UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LUIS A. CANALES, #10A0768,

                Plaintiff,

  -vs-                                 No. 12-CV-693(LJV)(HBS)
                                    **Report and Recommendation**
                                    **Decision and Order**

M. SHEAHAN, ET AL.,

                Defendants.
_____

**I.    Introduction**

This case has been referred to the undersigned by Hon. Lawrence J. Vilardo for all pre-trial matters, including preparation of a Report and Recommendation on dispositive motions. (Dkt. No. 41.) Currently pending before the Court is Plaintiff's motion for an extension of time to file initial disclosures (Dkt. No. 88), Defendants' motion to dismiss for failure to prosecute (Dkt. No. 91), and Plaintiff's motion for a temporary restraining order/preliminary injunction (Dkt. No. 93).[1]

**II.    Factual Background and Procedural History**

Plaintiff Luis Canales ("Plaintiff"), an inmate in the care and custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), filed this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights while he was incarcerated at Southport Correctional Facility. (Dkt. No. 65.)

---

[1] Because the motion for an extension of time is non-dispositive and the motions for temporary restraining order / preliminary injunction and dismissal are dispositive, the motions are addressed in this combined Report and Recommendation and Decision and Order.

1

The original complaint was filed on July 23, 2012, nearly seven years ago. (Dkt. No. 1.) Plaintiff then amended his complaint several times. (Dkt. Nos. 6, 37, 65.) On April 16, 2017, Defendants answered the third amended complaint (Dkt. No. 67), and initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) were due by July 28, 2017. (Dkt. No. 68.)

Plaintiff sought and was granted two extensions of time to file initial disclosures, and Defendants submitted their disclosures on February 28, 2018. (Dkt. Nos. 69–76.) On March 1, 2018, Plaintiff requested a third extension of time to file disclosures. (Dkt. No. 81.)

On March 30, 2018, Defendants advised the Court that they were unable to proceed with discovery until Plaintiff filed his Rule 26 disclosures. (Dkt. No. 83.)

The Court granted Plaintiff's third extension (Dkt. No. 84), ordering that Plaintiff's disclosures were due by July 31, 2018. (Dkt. No. 85.) Additionally, no further extensions of the Rule 26 deadline would be granted, and Plaintiff was cautioned that failure to abide by the new deadline could result in a defense motion to dismiss for failure to prosecute. *Id.*

On July 30, 2018, the day before the most recent deadline, Plaintiff filed a document captioned "Initial Disclosures" (Dkt. No. 86), but it did not comply with the Court's third amended schedule/case management order. (Dkt. No. 85.)[2] By letter dated July 30, 2018, Defendants requested that Plaintiff cure the defects in his submission by August 15, 2018, and advised that his failure to do so would result in a defense motion to

---

[2] Plaintiff's submission states, in pertinent part, that his prison medical records would be "unnecessary" as Defendants previously disclosed them as part of their Rule 26 submission. (Dkt. No. 86).

2

dismiss for failure to prosecute the action (Dkt. No 91-3.) Plaintiff, in turn, filed a fourth request for an extension of time to file his initial disclosures on August 16, 2018 (Dkt. No. 88.)

On August 30, 2018, Defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 41 for failure to prosecute (Dkt. No. 91.) Plaintiff, who had not yet filed his initial disclosures, opposed Defendants' motion to dismiss and moved for a temporary restraining order/preliminary injunction (Dkt. No. 93) on September 10, 2018. These three motions are currently pending.

For the following reasons, the Court respectfully recommends that Defendants' motion to dismiss be granted, and Plaintiff's motion for temporary restraining be denied. Plaintiff's motion for an enlargement of time is denied.

## III. Discussion

### A. General Principles of Law

#### *Rule 6*

Federal Rule of Civil Procedure 6(b)(1)(B) provides that "When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." *Id.*

#### *Rule 41(b)*

Federal Rule of Civil Procedure 41(b) governs the dismissal of an action or claim for a plaintiff's failure to prosecute or comply with a court order. Rule 41(b) provides, "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." *Id.* Dismissals pursuant to Rule

41 are within the discretion of the court. *See Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993) (citing *Lyell Theatre Corp. v. Loews Corp.,* 682 F.2d 37, 42–43 (2d Cir. 1982)).

### *Rule 65*

Federal Rule of Civil Procedure 65 governs temporary restraining orders and preliminary injunctions. In this Circuit, the standard for issuance of a temporary restraining order is the same as the standard for a preliminary injunction. *Fairfield Cty. Med. Ass'n v. United Healthcare of New Eng.*, 985 F. Supp. 2d 262, 270 (D. Conn. 2013), *aff'd*, 557 Fed. Appx. 53 (2d Cir. 2014); *AFA Dispensing Grp. B.V. v. Anheuser–Busch, Inc.*, 740 F. Supp. 2d 465, 471 (S.D.N.Y. 2010) ("It is well established that the standard for an entry of a temporary restraining order is the same as for a preliminary injunction."). Preliminary injunctive relief "is an extraordinary remedy that should not be granted as a routine matter." *JSG Trading Corp. v. Tray–Wrap, Inc.*, 917 F.2d 75, 80 (2d Cir. 1990).

With respect to Plaintiff's *pro se* submissions, the Court is mindful of its obligation to construe them liberally. *See generally Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009).

### B. Plaintiff's Fourth Motion to Extend Discovery Deadline (Dkt. No. 88) (Non-dispositive)

"The requisite factors to be considered in determining whether to find excusable neglect to extend a scheduling order under Rule 6(b) include '[1] the danger of prejudice to the [non-movant], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith.'" *Catania v. United States*, No. 14-CV-553, 2017 WL 6317158, at *8 (W.D.N.Y. Dec. 11, 2017), *report and recommendation adopted*, 2018 WL 1471400 (W.D.N.Y. Mar. 26, 2018), *appeal*

*withdrawn*, No. 18-1183, 2018 WL 5281955 (2d Cir. Sept. 28, 2018) (quoting *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 394-95 (1993)).

Here, Plaintiff has refused to participate in the discovery process by providing his initial disclosures. His submissions are repetitive, rambling and discursive, and do not assist the Defendants in framing the scope of discovery. This case is six and a half years old and his initial disclosures were due well over a year ago. All of the delays in this case are attributable to Plaintiff, who has provided no indication that he intends to make the requisite disclosures or otherwise press forward with his claims. (Dkt. No. 86.) Thus, the first two factors of the *Pioneer* test weigh in favor of the Defendants.

Plaintiff claims that his "retaliatory transfer" to Auburn Correctional Facility left him without his personal property, including his legal documents. (Dkt. No. 88.) In a related argument, he alleges a conspiracy on behalf of the Defendants to "prevent [him] from [pursing] this lawsuit . . . and from meeting [the discovery] deadline." *Id*. at 2. These reasons are similar or identical to those presented in his previous three motions for an enlargement of time. Yet, over the course of a year and a half, rather than filing his initial disclosures, he has instead drafted multiple motions and letters to the Court. These efforts indicate that, contrary to his assertions, his access to the courts has not been impeded. (*See* Dkt. No. 69 (motion for extension of time), No. 73 (extension of time); No. 78 (letter from Plaintiff); No. 81 (extension of time); No. 86 (initial disclosures); No. 87 (notification of change of address); No. 88 (extension of time); No. 93 (motion for temporary restraining order); No. 95 (address change); No. 103 (proposed stipulation of settlement.))

Finally, Plaintiff is not acting in good faith. He opines that the requisite disclosures would be "unnecessary," evincing a willful noncompliance with the Court's directives and

5

Defendants' requests. (Dkt. No. 86.) The Court finds that Plaintiff has not established "excusable neglect" for his failure to file initial disclosures by the third extended deadline, and his request for another extension of time is therefore denied.

### D. Defendants' Motion to Dismiss for Failure to Prosecute (Dkt. No. 91) (Dispositive)

The Second Circuit has listed several factors that must be considered before dismissing an action for failure to prosecute under Rule 41(b): (1) the duration of the plaintiff's failure to comply with court orders; (2) whether the plaintiff was on notice that failure to comply would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay in the proceedings; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and (5) whether the judge has adequately considered a sanction less drastic than dismissal. *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (citation and quotation marks omitted). Generally, no one factor is dispositive. *Id*. In weighing the five factors, a court must consider the record of the entire case as a whole. *Lewis v. Rawson*, 564 F.3d 569, 576 (2d Cir. 2009). A court may find the standard for dismissal satisfied where it finds "an action lying dormant with no significant activity to move it or in a pattern of dilatory tactics." *Lyell Theatre Corp.*, 682 F.2d at 42. "The latter may consist, for example, of groundless motions, repeated requests for continuances or persistent late filings of court ordered papers." *Id.*

As stated earlier, Plaintiff's primary participation in this action has involved requesting additional time. (Dkt. Nos. 5, 7, 25, 26, 52, 54, 56, 58, 69, 73, 81, 88.) His conduct during the discovery period has resulted in a delay of over a year, weighing in favor of dismissal. *See, e.g., Abreu v. City of New York*, 208 F.R.D. 526, 527 (S.D.N.Y.

6

2002) (finding that failure to provide adequate discovery "for over a year" weighed in favor of dismissal); *Mathews v. U.S. Shoe Corp.*, 176 F.R.D. 442 (W.D.N.Y. 1997) (finding that failure to respond to discovery for over a year weighed in favor of dismissal); *Williams v. City of New York*, No. 17-CV-5676, 2018 WL 4042108, at *2 (S.D.N.Y. Aug. 23, 2018) (one year of non-compliance with court orders weighed in favor of dismissal).

Plaintiff was notified of the consequences that would result from his failure to comply with the discovery obligations, both by Defendants and this Court. (Dkt. Nos. 83, 85, 91–93.) He was expressly advised that his failure to abide by the final Rule 26 disclosure deadline (the third extended deadline) could result in a defense motion to dismiss for failure to prosecute. He therefore ignored multiple warnings. *See Galper v. ARS Nat'l Servs., Inc.*, No. 18CV2753, 2018 WL 6381459, at *2 (E.D.N.Y. Dec. 3, 2018) (All favors weighted in favor of dismissal where, among other things, the plaintiff's "inaction has continued even in the face of repeated warnings that such behavior could result in the dismissal of his claim.").

It bears repeating that this case is nearly seven years old. Defendants are therefore likely to be prejudiced, because "delay by one party increases the likelihood that evidence in support of the other party's position will be lost and that discovery and trial will be made more difficult." *Shannon v. General Elec. Co.*, 186 F.3d 186, 195 (2d Cir. 1999). The need to alleviate congestion on the Court's docket outweighs Plaintiff's right to receive a further chance to be heard in this case. *See Feurtado v. City of New York*, 225 F.R.D. 474, 480 (S.D.N.Y. 2004) ("Because [plaintiff] has made no effort to comply with the Court's directives or to prosecute his action, it would be unfair to the numerous other litigants who await the attention of this Court to permit [plaintiff]'s suit to remain on

the Court's docket."). A lesser sanction than dismissal would be ineffective, as he has already ignored the disclosure deadlines imposed by the Court, and multiple warnings that this case could be subject to dismissal for his inaction.

In sum, all of the factors weigh in favor of granting the Defendants' motion to dismiss. *See Petty v. City of New Britain*, No. 17-CV-01798, 2019 WL 121719, at *6 (D. Conn. Jan. 7, 2019) ("While mindful that dismissal is the sanction of last resort, under the totality of the circumstances presented here, the Court does not believe that lesser sanctions will or can achieve the purposes of judicial sanction in a fashion that adequately addresses the extraordinary prejudice to the Defendants occasioned by the Plaintiff's complete and continued disregard of his discovery obligations.")

For these reasons the Court recommends dismissal of this action for Plaintiff's failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

### D. Plaintiff's Motion for Temporary Restraining Order/Injunctive Relief (Dkt. No. 93) (Dispositive)

To obtain a preliminary injunction or temporary restraining order, the moving party must show "that 1) absent injunctive relief, it will suffer irreparable harm, and 2) either a) that it is likely to succeed on the merits, or b) that there are sufficiently serious questions going to the merits to make them a fair ground for litigation, and that the balance of hardships tips decidedly in favor of the moving party." *Otokoyama Co. Ltd. v. Wine of Japan Import, Inc.*, 175 F.3d 266, 270 (2d Cir. 1999). Irreparable harm constitutes an "injury that is neither remote nor speculative, but actual and imminent and that cannot be remedied by an award of monetary damages." *Forest City Daly Hous., Inc. v. Town of N. Hempstead*, 175 F.3d 144, 153 (2d Cir. 1999) (internal quotation marks omitted).

Motions for preliminary injunctions are "frequently denied if the affidavits [in support of the motion] are too vague or conclusory to demonstrate a clear right to relief under Rule 65." 11A C.Wright & A. Miller, Fed. Practice & Proc., Civil 3d § 2949 (2004); *see, e.g., Malki v. Hayes*, No. No. 11–CV–5909, 2012 WL 32611 (E.D.N.Y. 2012) ("Plaintiff's allegation that 'he will be irreparably harmed by all kinds of threats of harassment, intimidation, and stiff punishment' absent an injunction is speculative."); *McGillicuddy v. Laidlaw, Adams & Peck, Inc.*, No. 88 CIV. 4928, 1995 WL 1081307, at * 12, n. 19 (S.D.N.Y. Aug.14, 1995) (summarily denying an application for preliminary injunctive relief where the movant's papers failed to demonstrate a basis for granting "this extraordinary remedy.").

Although difficult to decipher, it appears that Plaintiff's motion for injunctive relief requests a transfer to Green Haven Correctional Facility (Dkt. No. 93.) According to Plaintiff, he was involuntarily transferred to Auburn, and in the process of the "retaliatory" transfer, his personal property, including legal documents, was left behind. *Id.*

First, Plaintiff's request to be transferred back to Green Haven should be denied, as it is well-settled that "[p]rison inmates have no right to choose where they are housed." *Agostini v. Backus*, No. 14-CV-6188, 2015 WL 1579324, at *2 (W.D.N.Y. Apr. 9, 2015) (citing, inter alia, *Lewis v. Rawson*, 564 F.3d 569, 578 (2d Cir. 2009)).

Second, Plaintiff has not alleged irreparable harm, or that he is in any physical danger. *See Agostini*, 2015 WL 1579324, at *3 ("even assuming that such relief was available, Plaintiff has not made a convincing showing that he is presently in danger at Attica.").

Finally, Plaintiff does not show a clear or substantial likelihood of success on the merits. Although Plaintiff states that Defendants are interfering with his access to the courts, conspiring against him, and "obstructing justice," he sets forth no discernable facts to support the relief he now requests (Dkt. No. 93.) The majority of his eight-page motion and accompanying affidavit simply repeats his allegations of retaliation and conspiracy. Nor does he name any of the remaining defendants in this action as being involved in the alleged conspiratorial transfer. Such conclusory, cursory, and/or unsubstantiated allegations are insufficient to demonstrate a likelihood of success for purposes of a motion for a preliminary injunction. *Brown v. McClellan*, No. 93-CV-0901, 1994 WL 520966, at *1 (W.D.N.Y. Sept. 9, 1994); *see also Evans v. Bennett*, No. 15-CV-6395, 2018 WL 3328809, at *2 (W.D.N.Y. July 6, 2018) (collecting cases standing for the proposition that bare allegations do not entitle a plaintiff to injunctive relief). Accordingly, Plaintiff's motion for a temporary restraining order/preliminary injunction should be denied.

## IV.  Conclusion

Based upon the above, it is recommended that the motion to dismiss this action for failure to prosecute (Dkt. No. 91) be **GRANTED** and the third amended complaint be dismissed; and that Plaintiff's motion for a preliminary injunction (Dkt. No. 93) be **DENIED**. The Court **DENIES** Plaintiff's motion for an enlargement of time (Dkt. No. 88) as explained above.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

With respect to Defendants' motions to dismiss, **ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report and Recommendation in accordance with the above statute, Fed. R. Civ. Proc. 72(b) and Local Rule 72(b).

The District Court ordinarily will refuse to consider on *de novo* review arguments, case law and evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance. *See*, *e.g.*, *Patterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985, 990-91 (1st Cir. 1988).

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72(b) may result in the District Court's refusal to consider the objection.**

**IT IS SO ORDERED.**

/s Hugh B. Scott
HON. HUGH B. SCOTT
United States Magistrate Judge

Dated: February 13, 2019
Buffalo, New York